Blaine J. Benard, #5661
Kody L. Condos, #17186
Clayton J. Hadlock, #18397
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101-2194
Telephone: 801.799.5800
BJBenard@hollandhart.com
KLCondos@hollandhart.com
CJHadlock@hollandhart.com

*Attorneys for Defendants Beaver City and Beaver Valley Hospital*

---

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, DIVISION

| | |
|---|---|
| SUSAN RICHARDS et al., Individually and on Behalf of the Heirs and Estate of JAMES E. RICHARDS,<br><br>        Plaintiffs,<br><br>vs.<br><br>BEAVER CITY et al.,<br><br>        Defendants. | **BEAVER DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS (REDACTED)**<br><br>**(ORAL ARGUMENT REQUESTED)**<br><br>Civil No. 2:25-cv-00237-DAK-JCB<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Jared C. Bennett |

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Beaver City ("Beaver City") and Beaver Valley Hospital ("BVH") (collectively, "Beaver Defendants") hereby move to dismiss Plaintiffs' claims against them for failure to state a claim upon which relief can be granted.

### RELIEF REQUESTED AND SUPPORTING GROUNDS

Beaver Defendants request dismissal of Plaintiffs' Section 1983 claim for failure to state a claim for relief. Plaintiffs take the "shotgun" approach to pleading by naming every entity with

any connection to Holladay Healthcare Center ("HHC") possible in this lawsuit. But Plaintiffs fail to plausibly allege a single act or connection that the Beaver Defendants have to Plaintiffs' claims or injuries.

Specifically, in a 1983 action, Plaintiffs are required to allege that their injuries were the result of a specific policy instituted by the Beaver Defendants. But the Complaint entirely omits any such allegation. Instead, Plaintiffs' allegations related to the Beaver Defendants are either conclusory or leave the Beaver Defendants out entirely.

Of course, this is because both BVH and Beaver City have multiple degrees of separation between them and the underlying allegations, have no oversight or responsibility for running the day to day activities at HHF, and had no connection to Plaintiff's alleged harm. To be clear, BVH does not operate the facility where Plaintiffs' harm occurred. Instead, that responsibility was delegated to Defendant Olympus Health, Inc. ("Olympus") via a contract between Olympus and BVH, as Plaintiffs acknowledge in the Complaint. Beaver City's connection to the Complaint is even more tenuous. Its only connection to this matter is that it passed the ordinance establishing BVH in [insert date]. Beaver City does not participate in management of HHF in any way, has no oversight into its operations, and is entirely removed from this matter. Both Defendants should be dismissed from this lawsuit with prejudice.

The Beaver Defendants further request that the Court dismiss the remaining claims as they relate to Beaver Defendants due to the parties' stipulated dismissal of those claims with prejudice.

## STATEMENT OF FACTS[1]

1.      HHC is a for-profit, long-term care, skilled nursing facility located in Holladay, Utah. Compl. at ¶ 9.

2.      Beaver City established BVH in 1982. *See* Beaver City Code § 2.1.1 et seq. In establishing BVH, Beaver City delegated sole control of the hospital to the Beaver City Hospital Board, which would be appointed by the City Council. *See id.* §§ 2.1.2–2.1.3. The Beaver City Hospital Board was wholly empowered to promulgate rules and regulations governing BVH. *See id.* § 2.1.4. Beaver City retained no control over BVH, does not receive money from BVH, and does not operate the hospital in any way.

3.      At all times relevant to this case, Olympus dba HHC has been under contract with BVH to manage and operate HHC. Compl. at ¶ 12; *see also* Management Agreement, attached as Ex. 1. [2]

4.      More specifically, in 2016, BVH entered a Management Agreement with Olympus. BVH was designated the Operator, and Olympus, dba HHC was designated the Manager:



---

[1] For purposes of this Motion only, the Beaver Defendants presume that all facts in the Complaint are true. Defendants expressly reserve the right to later dispute these facts.

[2] When deciding a Rule 12(b)(6) motion to dismiss, a "district court may consider documents attached to a complaint or referred to and/or relied upon in a complaint if not attached[.]" Pace v. Swerdlow, 519 F.3d 1067, 1072 (10th Cir. 2008). Courts may also take "judicial notice of its 'own files and records, as well as facts which are a matter of public record.'" *Mrs. Fields Franchising, Ltd. Liab. Co. v. MFGPC*, 721 F. App'x 755, 759 (10th Cir. 2018). Thus, the Court may consider the Management Agreement, which was mentioned but not attached to the Complaint, as well as the sections of the Beaver City Code referenced above without converting this Motion to one for summary judgment.

*See* Ex. 1.

     5.      Beaver City is not a party to the Management Agreement. *Id.*

     6.      The Management Agreement gives Olympus sole responsibility over all aspects of management of HHF, including creation of HHF's policies; hiring, training, and management of HHF employees; and day-to-day operation of the facility. *Id.*

     7.      Specifically, Section 2.1.1 of the Management Agreement appoints Olympus as the manager of the Holladay Facility:



*Id.* at 2.1.1

     8.      Section 2.2.1 of the Management Agreement outlines Olympus's duties:



*Id.* at 2.2.1.

     9.      Section 2.2.4. outlines Olympus's additional duties, including, in part managing the facility, obtaining and maintaining licenses for the facility, and providing staffing:



*Id.* at 2.2.4.

10.    Pursuant to Section 2.2.4, Olympus was also responsible for establishing, implementing, and revising policies and procedures, and for managing finances at the facility:





*Id.*

## ARGUMENT

### I. LEGAL STANDARD

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). "When a [party] moves to dismiss for failure to state a claim under rule 12(b)(6), the motion is based on the insufficiency of the plaintiff's complaint standing alone." *Saxton v. Intermountain Neurosciences Institute*, No. 220903068, 2022 WL 226694595, at *2 (Utah Third Dist. Ct., Dec. 6, 2022) (citing *Moss v. Parr Waddoups Brown Gee & Loveless*, 2012 UT 42, ¶ 27 n.5, 285 P.3d 1157) (brackets in original).

To be sufficient, a complaint must include "a short and plain statement showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2). To meet this standard, Plaintiffs must plead "enough facts to state a claim for relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Dismissal is appropriate when "'the plaintiff can prove no set of facts in support of the claims that would entitle him to relief.'" *Cottrell, Ltd. v. Biotrol Int'l, Inc.*, 191 F.3d 1248, 1251 (10th Cir. 1999) (quoting *Yoder v. Honeywell Inc.*, 104 F.3d 1215, 1224 (10th Cir.)).

-7-

A court should grant a motion to dismiss with prejudice where leave to amend would be futile. *See Knight v. Mooring Cap. Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014) ("[A] dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.").

## II.    PLAINTIFFS FAIL TO STATE A CLAIM UNDER SECTION 1983 OF THE CIVIL RIGHTS ACT (COUNT I).

"[U]nder § 1983, local governments are responsible only for their own illegal acts." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (cleaned up); *see also Pyle v. Woods*, 874 F.3d 1257, 1266 (10th Cir. 2017). Thus, "a municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue." *Hooper v. Pearson,* No. 2:08cv871, 2010 U.S. Dist. LEXIS 75172, at *43 (D. Utah July 22, 2010).[3]

Instead, to prove a § 1983 claim against a municipal defendant, a plaintiff must allege "the existence of a municipal policy or custom" and "a direct causal link between the policy or custom and the constitutional injury; and … that the defendant established the policy with deliberate indifference to an almost inevitable constitutional injury." *Soto v. Bd. of Cnty. Comm'rs of Caddo Cnty.*, 748 Fed. App'x 790, 793–94 (10th Cir. 2018) (unpublished) (citing *Schneider*, 717 F.3d at 769–70). The municipal custom or policy must also "operate as the 'moving force' behind the violation." *Hooper v. Pearson,* No. 2:08cv871, 2010 U.S. Dist. LEXIS 75172, at *43 (D. Utah July 22, 2010).

---

[3] A municipality likewise "cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 770 (10th Cir. 2013)

### A.    Plaintiffs Do Not Plausibly Allege That Beaver Defendants Violated the Federal Nursing Home Reform Act ("FNHRA").

Plaintiffs' Complaint lacks facts sufficient to plausibly allege that Beaver Defendants violated the FNHRA. The FNHRA sets requirements for nursing facilities' provision of services to its residents. *See* 42 U.S.C. § 1396r. These requirements include ensuring resident quality of life, creating and following a plan of care, conducting resident assessments, providing certain services and activities, training nurse aids, supervising physicians, maintaining clinical records, and posting information on nurse staffing. *See id*. § 1396r(b)(1)–(8). FNHRA also imposes requirements relating to resident rights, facility administration, licensing, sanitation, and compliance with federal and state law. *See id*. § 1396r(c)–(e).

Regardless of what FNHRA requires, Plaintiffs do not allege that Beaver Defendants specifically failed to comply with the FNHRA. Plaintiffs' Section 1983 is primarily based on alleged violations of the FNHRA by all Defendants. *See* Compl. ¶ 50(a)–(j). First, it is impossible to tell from the allegations of the Complaint which of the Beaver Defendants (if any) engaged in the alleged conduct. And second, the Complaint is bereft of any factual support from which this Court can plausibly infer that a policy, procedure, practice, custom or act of either of the Beaver Defendants was the "moving force" behind the violation of the alleged rights. *See Gadow v. Shearer-Richardson Mem'l Nursing Home,* No. 1:24-CV-84-SA-DAS, 2024 U.S. Dist. LEXIS 223122, at *13 (N.D. Miss. Dec. 10, 2024) (dismissing § 1983 claim for violation of FNHRA where defendants' actions were lumped together into one act and the complaint contained no factual allegations that a policy or custom was the "moving force" behind the alleged violations of any federal rights.). Without more, Plaintiffs do not state a claim for relief under Section 1983, and the claim should be dismissed to the extent it is based on the FNHRA.

**B.     Plaintiffs Do Not Plausibly Allege the Existence of a Policy That Caused Plaintiffs' Injuries.**

A municipal defendant is liable under Section 1983 only when it acts "pursuant to official municipal policy of some nature caused a constitutional tort." *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). "The 'official policy' requirement was intended to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick*, 563 U.S. at 61. Such municipal policy or custom may take one of the following forms:

> (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.

*Osterkamp v. Salt Lake Cty.,* No. 2:20-cv-00032-DAO, 2020 U.S. Dist. LEXIS 162449, at *9 (D. Utah Sep. 4, 2020).[4]

---

[4] *See also Pyle,* 874 F.3d at 1266 ("A policy or custom includes a formal regulation or policy statement, an informal custom that amounts to a widespread practice, decisions of municipal employees with final policymaking authority, ratification by final policymakers of the decisions of subordinates to whom authority was delegated, and the deliberately indifferent failure to adequately train or supervise employees ....").

Here, Plaintiffs fail to plead any policy instituted by Beaver Defendants that would give rise to a Section 1983 claim. First, Plaintiffs do not plausibly plead any policy of Beaver Defendants at all, let alone one that would meet the standards set forth by cases interpreting Section 1983. Plaintiffs make the conclusory allegation that the Beaver Defendants, along with all other Defendants were generically "responsible for "policies, practices, and procedures," *see* Compl. ¶ 17, and that Defendant BVH was "responsible for the policies, procedures, practices, supervision, training, implementation, and conduct of all matters pertaining to [HHC], and was responsible for the financial decisions regarding appointment, hiring, training, supervision and conduct of all personnel, including staff-to-resident ratios." *See id*. ¶ 20. First, as established in the Management Agreement, Olympus, and not BVH was contractually responsible for each of those duties as a matter of law. *See* Ex. 1 §§ 2.2.1, 2.2.4.3 ("Manager [Olympus] shall be and act as an independent contractor, with the sole duty to supervise, manage, and operate the Holladay Facility" and shall "[e]stablish and revise … resident care and healthcare policies and procedures and general administrative policies and procedures"). Thus, Defendant BVH could not, as a matter of law, have maintained a policy or practice sufficient to give rise to liability under Section 1983.

But even assuming BVH was responsible for such policies, other than the conclusory allegation that a policy may have existed, the Complaint is bereft of any factual reference to any such policy, let alone any policy practice or procedure that proximately caused Mr. Richards' harm. Plaintiff simply fails to identify any formal policy, any informal custom that acts as a de facto policy,[5] or any decision or ratification by policymaking employees that give rise to their

---

[5] To establish liability under the "custom or usage" method is "no easy task because sporadic or isolated violations of rights will not give rise to Monell liability." *Rhoads v. Guilford Cty.,* 751 F. Supp. 3d 590, 602 (M.D.N.C. 2024). Instead, a plaintiff must show "that a pattern of comparable

claims. Such threadbare allegations are insufficient to state a claim for municipal liability under Section 1983. *See Osterkamp,* 2020 U.S. Dist. LEXIS 162449, at *10 (dismissing municipal liability claim where allegations merely restated the "first element of a municipal liability claim … in a conclusory fashion rather than offering any specific facts to support the allegations that an official policy, custom, or pattern existed.").

Nor do Plaintiffs allege sufficient facts to plausibly allege that the Beaver Defendants failed to train employees. "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train," which requires a plaintiff to plead "deliberate indifference to the rights of persons with whom the untrained employees come into contact." *See Connick*, 563 U.S. at 61 (cleaned up). The deliberate indifference standard "may be satisfied when the municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm" *Waller v. City & Cty. of Denver,* 932 F.3d 1277, 1284 (10th Cir. 2019). In "most cases" such notice "can be established by proving the existence of a pattern of tortious conduct." *Id.* There are no such allegations in the Complaint.

In their typical conclusory fashion, Plaintiffs allege simply that "Defendants failed to invest adequately in staff training, resulting in poorly training staff who were unable to provide appropriate … care …." *See* Compl. ¶ 38. Even taking Plaintiff's allegation regarding training as true, Plaintiffs do not allege that inadequate investment was a result of "deliberate indifference to

---

practices has become actually or constructively known to the responsible policymakers." *Id.* While it is unclear whether Plaintiffs invoke the custom or usage test, it is abundantly clear that their Complaint contains no such allegations and thus cannot sustain such a claim.

the rights of persons with whom the untrained employees come into contact." *Connick,* 563 U.S. at 61.

Plaintiffs' Complaint does not come close to alleging a policy that deprived Mr. Richards of his constitutional rights. And even if it did, those policies would have been created and implemented by Olympus, not Beaver Defendants. Because Plaintiffs do not allege a policy instituted by Beaver Defendants that deprived Plaintiffs of constitutional rights, Plaintiffs' Section 1983 claim must be dismissed.

### C.    Plaintiffs Do Not Plausibly Allege a Direct Causal Link Between the Policy or Custom and the Constitutional Injury.

To the extent the Court reads a policy into the Complaint, Plaintiffs fail to allege that any such policy caused the harm alleged or that Beaver Defendants were deliberately indifferent to that harm. "[I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged." *Bd. of the Cty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997); *see also Mocek v. City of Albuquerque*, 813 F.3d 912,2 933.

Specifically, Plaintiffs "must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *See id*. "The causation element is applied with especial rigor when the municipal policy or practice is itself not unconstitutional, for example, when the municipal liability claim is based upon inadequate training, supervision, and deficiencies in hiring." *Schneider*, 717 F.3d at 770 (cleaned up). "Liability under 1983 must be predicated upon a deliberate deprivation of constitutional rights by the defendant, and not on negligence." *Jojola v. Chavez*, 55 F.3d 488, 490 (10th Cir. 1995) (cleaned up).

Courts frequently dismiss Section 1983 cases against municipalities for failure to allege "a link between a policy or custom and the alleged injury." *See Pyle*, 874 F.3d at 1266 (affirming dismissal for "insufficient factual allegations to support an inference that [municipal employee] was following a policy or custom"); *Mocek*, 813 F.3d at 934 (affirming dismissal because the plaintiff "cite[d] no particular facts in support of [plaintiff's] threadbare recitals of the elements of a cause of action") (cleaned up); *Beedle v. Wilson*, 422 F.3d 1059, 1074 (10th Cir. 2005) (affirming dismissal when the plaintiff's complaint failed to "identif[y] a municipal policy or custom that caused the plaintiff's injury") (cleaned up).

Here, nothing in the Complaint connects any action by Beaver Defendants to Plaintiffs' alleged harm. In their Section 1983 claim, Plaintiffs allege a laundry list of actions that they argue Defendants should have taken but failed to take, including:

a. "Failure to Inform Mr. Richards of Care Changes"

b. "Failure to Accommodate Needs and Preferences"

c. "Failure to Operate Efficiently for Well-Being"

d. "Failure to Comply with Laws and Professional Standards"

e. "Failure to Develop and Review a Plan of Care"

f. "Failure to Provide Adequate Services"

g. "Failure to Maintain a Safe Environment"

h. "Failure to Provide Sufficient Qualified Staff"

i. "Failure to Supervise and Maintain Clinical Records"

j. "Failure to Ensure Proper Administration"

-14-

*See* Compl. ¶ 50(a)–(j). These alleged "failures" are, at most, allegations of negligence that are insufficient to state a claim for a Section 1983 action.[6]

Moreover, the Complaint is bereft of any allegation tying the Beaver Defendants to any of Plaintiffs' alleged harm. At most, Plaintiff claims that Beaver City operates HHC and that BVH "holds the license for [HHC] and has the responsibility for overseeing its compliance with healthcare regulations and for ensuring that patient funds are properly allocated to resident care." *See id.* ¶¶ 10–11. But Plaintiffs admit that Olympus "has been under contract with Beaver City and Beaver Valley Hospital to manage and operate [HHC]." That contract, the Management Agreement, delegates ***all authority*** for running HHC to Olympus, including the authority to establish and implement policies and procedures that would address the inactions Plaintiffs allege occurred. *See* Mgmt. Agmt., Ex. 1 at § 2. There is simply no connection between any action Beaver Defendants took and Plaintiffs' injuries.

### D.    Plaintiffs Do Not Plausibly Allege That the Beaver Defendants Acted With Deliberate Indifference.

As discussed above, Plaintiffs do not plead any facts showing that the Beaver Defendants acted with deliberate indifference. *See supra* Section II(A). Plaintiffs' conclusory allegation that "Defendants' actions were intentional, willful, and in reckless disregard for Mr. Richards' rights" does not have any factual support elsewhere in the Complaint, especially in relation to Beaver Defendants. *See* Compl. ¶ 52. Indeed, Plaintiffs' own particularized allegations contradict the idea that the Beaver Defendants acted with deliberate indifference. Indeed, the only mention of

---

[6] This is bolstered by the fact that Plaintiff's negligence claim largely overlaps with their Section 1983 claim. Plaintiffs' negligence claim alleges that Defendants "failed to protect Mr. Richards from known risks of harm resulting from understaffing their nursing facility" and "failed to take reasonable measures to prevent Mr. Richards from harm." *See* Compl. ¶¶ 71–72.

deliberate indifference is in paragraph 51 of the Complaint, which states only that the alleged constitutional violations *indicate* that Defendant ***Holladay Healthcare*** was deliberately indifferent to Mr. Richards' needs, and as sch, in conjunction with other conduct herein, deprived [her] of her federally and state guaranteed and protected rights. *See* Compl. ¶ 51. This allegation is wholly insufficient to attribute liability or indifference to the Beaver Defendants.

Furthermore, Plaintiffs consistently cite Defendants' collective alleged "fail[ure] to allocate sufficient resources to staffing" and allocation of those resources elsewhere as the primary cause of Plaintiffs' injuries. *See* Compl. ¶¶ 33–40, 50. But nothing in that statement plausibly ties the Beaver Defendants to any liability for Plaintiffs' claims, either. This is far from the kind of deliberate behavior Plaintiffs must plead to state a Section 1983 claim. The claim should be dismissed.

**E.    To the Extent BVH Has Any Liability Under Section 1983, That Liability Does Not Extend to Beaver City.**

Beaver Defendants maintain that Plaintiffs do not allege sufficient connection between Beaver Defendants and Plaintiffs' injuries to state a claim under Section 1983. This connection is even more tenuous with respect to Beaver City. Beaver City's sole connection to BVH comes through Beaver City's establishment of BVH via city ordinance. *See* Beaver City Code § 2.1.1 et seq. (the "BVH Ordinance"). The BVH Ordinance instructs the Beaver City Council to create a board to govern the hospital and empowers that board to promulgate rules and regulations for the hospital. *See id*. §§ 2.1.2–2.1.4.

Beaver City's only role connection to BVH is that it created the hospital. It retains no authority to conduct BVH's operations or manage patient care under the BVH Ordinance. Beaver City does not have any policymaking power under the BVH Ordinance such that it could create a

policy that would give rise to liability under Section 1983. Nor is Beaver City empowered to act

under the BVH Ordinance in such a way that could cause Plaintiffs' harm. In sum, Plaintiffs cannot

state a claim against Beaver City because Beaver City does not have any connection with any of

the allegations in the Complaint. All claims against Beaver City should be dismissed.

III.    **PLAINTIFFS HAVE STIPULATED TO THE DISMISSAL OF THE REMAINING CLAIMS AGAINST BEAVER DEFENDANTS.**

Plaintiffs and Beaver Defendants have reached an agreement to dismiss with prejudice

the remaining claims against Beaver Defendants, including Count IV (Negligence), Count V

(Wrongful Death), Count VI (Personal Injury Survival Action Under Utah Code §§ 78B-3-106–

107) and Count VII (Violation of Resident Rights Under Utah Code § 26-21-201). *See* Rule 41

Stipulated Partial Dismissal of Plaintiffs' Claims Against Beaver Defendants, filed concurrently

herewith.

## CONCLUSION

Plaintiffs fail to state a claim under Section 1983 against Beaver Defendants. And

because the remaining claims against Beaver Defendants have been voluntarily dismissed, the

Court should dismiss the Complaint as it relates to Beaver Defendants.

Dated this 23rd day of June, 2025

HOLLAND & HART LLP

/s/ Blaine J. Benard
Blaine J. Benard
Kody L. Condos
Clayton J. Hadlock
*Attorneys for Defendants Beaver City and Beaver Valley Hospital*

-17-